■ LESTER ROSENKRANTZ, Respondent-Appellant, v MARJORIE ROSENKRANTZ, Appellant-Respondent. NORMAN NADEL et al., Appellants-Respondents, v LESTER ROSENKRANTZ et al., Respondents-Appellants.—Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered December 19, 1990, which after a bench trial, inter alia awarded defendant $2,500 per month permanent maintenance; $111,562.50 as a distributive award with respect to plaintiff's business interest, payable in ten equal annual installments; $159,440 plus interest as arrears in temporary maintenance and support; directed the receiver of the proceeds of the sale of the former marital home to pay defendant amounts including $125,000 out of a balance retained for tax payments, unanimously modified, on the law, to the extent of modifying the seventh decretal paragraph so as to provide that said receiver shall pay $62,500 of said amount to the executors of the Estate of Philip Rosenkrantz, deceased, and $62,500 to defendant. As to

the issue of defendant's claim to a distributive award for certain stock options and warrants acquired during the marriage and prior to commencement of the action as to which she offered proof of value at trial the matter is remanded for further proceedings. The judgment is otherwise affirmed, without costs.

On these cross-appeals, a principal area of dispute concerns the disposition of proceeds of sale of the former marital home. In order to redeem the marital home from forced sale by the Internal Revenue Service, plaintiff's father's Estate loaned plaintiff and defendant $225,000, secured by a third mortgage, pursuant to a letter agreement dated April 21, 1986. The agreement provided the Estate would receive one-half the net proceeds of the subsequent sale of the property in excess of amounts required to discharge the first two mortgages, to pay the balance of the note and to provide "for payment of income tax resulting from the sale of the Residence". Said item was defined as "the excess of (i) the tax liability which appears in your federal and New York State income tax returns for the year in which the sale of the Residence occurs over (ii) the tax liability which would have appeared in those tax returns if the sale of the Residence had not occurred". Defendant deferred any capital gains tax on the sale by purchasing another residence within two years of the sale by the receiver of the marital home, in February, 1989, and she therefore had no capital gains liability for the 1989 calendar year. Under the unambiguous terms of the letter agreement, defendant therefore had no "income tax resulting from the sale of the Residence". The executors are, therefore, entitled to one-half of the disputed $125,000 held by the receiver as a tax reserve fund. Moreover, the parties are deemed to have incorporated all provisions of law in effect as of the time the agreement was executed (*Dolman v United States Trust Co.*, 2 NY2d 110, 116). The provisions of 26 USC § 1034, allowing such rollover or deferral of capital gains tax liability upon purchase of another residence within two years of sale, were in effect at the time of the execution of the letter agreement, yet the parties made no provision for the proceeds of sale to be applied to the payment of any future or deferred income tax payable by plaintiff or defendant.

The court essentially limited marital property subject to a distributive award to plaintiff's interest in his stock brokerage business and the net proceeds of sale of the former marital home, and awarded defendant an equitable share thereof of 50%. Despite defendant's presentation of income tax returns

of plaintiff showing he received $534,230 in proceeds of sale of stock obtained from the exercise of options and warrants acquired during the marriage and prior to the commencement of the action, and her general claim to a distributive award as to all marital property, the court failed to address these assets at all, let alone make any distributive award. While defendant did not highlight this issue at trial, there clearly was no waiver of the claim. Such claim should be considered in further proceedings, in which plaintiff may also assert that he undertook substantial debt in order to be able to exercise such warrants and options.

There was no error in the trial court's award of $2,500 per month permanent maintenance, where the court's findings that plaintiff is able to earn $200,000 per year and the 49-year old defendant is unlikely to earn more than her present $25,000 annual salary are not challenged. The trial court properly took into consideration amounts which defendant might earn upon amounts awarded by the judgment and nonetheless was able to conclude that defendant would not be sufficiently self-supporting within the five-year time frame urged by plaintiff (see, Zelnik v Zelnik, 169 AD2d 317, 333).

We have examined the parties' other contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.